Natalie C. Scott, OSB #024510
nscott@scott-law-group.com
SCOTT LAW GROUP LLP
PO Box 70422
Springfield, OR 97475
Telephone: 541-868-8005
Facsimile: 541-868-8004
Of Attorneys for Defendant Ann Davis-Bell

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Ann Robin Davis-Bell,<br><br>Debtor. | Case No. 24-33517-thp7<br><br><br><br>Adv. Proc. No. 25-03043-thp |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANN ROBIN DAVIS-BELL,<br><br>Defendants. | DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT & COUNTERCLAIM |

Defendant Ann Robin Davis-Bell ("Defendant" or "Debtor"), by and through the undersigned, answers Plaintiff's First Amended Complaint to Determine Nondischargeability of the Debts of Robin Ann Davis-Bell to the United States of America (ECF No. 10) ("the FAC") and asserts a counterclaim as follows:

**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT & COUNTERCLAIM**

Page **1** of **9**

SCOTT
LAW GROUP LLP

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

1.

Regarding paragraphs 1 through 4 of the Complaint, to the extent response is required, Defendant admits and agrees that jurisdiction and venue are proper in this Court and that this matter is a core proceeding. **LBR 7012-1 Statement:** Defendant consents to entry of final order or judgment on all claims and counterclaims in this matter by the bankruptcy court.

2.

Defendant admits paragraphs 5, 7, and 8.

3.

Regarding paragraph 6, Defendant is not required to admit or deny allegations regarding Plaintiff's consent to entry of final orders or judgment by this Court.

4.

Plaintiff's statements in paragraphs 9 through 15 are legal statements to which response is not required. If response is required, including to allegations regarding interpretation of Congressional purpose or intent in enacting statutes cited by Plaintiff, Defendant denies those allegations other than adding that Plaintiff is aware that the SBA had an EIDL program and that she sought financing through that program on behalf of her businesses.

5.

Defendant admits the allegations in paragraph 16 and 17. Regarding Plaintiff's reference to attached exhibits, specifically Exhibits 1 and 2 to the FAC, those documents speak for themselves.

6.

Regarding paragraphs 18 and 19, Defendant admits she electronically signed documents, copies of which are set forth in Exhibit 2 to the FAC. Exhibit 2 speaks for itself. Defendant denies any remaining allegations in paragraphs 18 and 19.

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

7.

Regarding paragraph 20, Defendant admits she signed a loan guaranty, a copy of which is set forth in Exhibit 2 to the FAC, which document speaks for itself. Defendant denies any remaining allegations in paragraph 20.

8.

Regarding paragraph 21, Defendant admits that she assumed full ownership of SubFecta and filled out an application for change in ownership, a copy of which is Exhibit 3 to the FAC. Exhibit 3 speaks for itself.

9.

Regarding paragraphs 22 and 23, Defendant admits she signed the application to change ownership, a copy of which is Exhibit 3 to the FAC. Exhibit 3 speaks for itself.

10.

Regarding paragraph 24, Defendant lacks knowledge or information sufficient to form a belief as to what the SBA did with her application and therefore denies those allegations. Defendant adds that she never received further communication about her application, but she believed it had been processed because Ms. Drentlaw's name no longer appeared on SBA communications.

11.

Regarding paragraphs 25 through 27, Defendant admits she attended and testified by remote means the creditor's meeting in her bankruptcy case held on February 5, 2025. Defendant disputes Plaintiff's characterizations or paraphrasing of her testimony. The creditor's meeting was recorded and that recording speaks for itself. Exhibits 4 and 5 speak for themselves.

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

12.

Regarding paragraph 28, Defendant disputes Plaintiff's first sentence that testimony at a creditor's meeting in November 2024 could "support these statements" to the extent Plaintiff intended "those statements" to refer back to paragraphs 25 through 27 purporting to summarize testimony at the February 2025 creditor's meeting, two months later. Defendant admits she attended and testified by remote means the creditor's meeting in a bankruptcy case filed by SubFecta LLC on November 26, 2024. Defendant disputes Plaintiff's characterizations or paraphrasing of her testimony. The creditor's meeting was recorded and that recording speaks for itself.

13.

Regarding paragraphs 29 through 31 and consistently with her response stated in paragraphs 11 and 12 above, Defendant admits she testified at a creditor's meeting on November 26, 2024 and on February 5, 2025, both of which were recorded. Defendant objects to Plaintiff's characterizations or paraphrasing of her testimony. The recordings speak for themselves.

14.

Regarding paragraph 32, Defendant admits that she learned about a letter from the SBA from her attorneys, a copy of which is attached as Exhibit 6 to the FAC. Exhibit 6 speaks for itself. Defendant denies the allegations that she has not "formally contested" the SBA's preliminary determination. Defendant adds that Defendant's counsel herein has made demand that the SBA withdraw its adverse determination, particularly in light of the bolded language in the letter that it is "for informational purposes only."

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

15.

Regarding paragraph 33, Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding the current outstanding balance of the loan and therefore denies them.

16.

Regarding paragraphs 34 and 46 which reallege previously set forth paragraphs, Defendant admits and denies those paragraphs as set forth herein in response to the specifically referenced paragraphs.

17.

Paragraphs 35 and 36 contain legal statements that Defendant is not required to admit or deny. Statutory provisions and case law speak for themselves.

18.

Defendant denies the allegations in paragraphs 37 to 45 of the FAC, adds that she did not misuse EIDL funds, and denies that Plaintiff is entitled to any relief on its First Claim.

19.

Paragraph 47 contains legal statements that Defendant is not required to admit or deny. Statutory provisions and case law speak for themselves.

20.

Defendant denies the allegations in paragraphs 48, 49, 54 through 59 of the FAC, adds that she did not misuse EIDL funds, and denies that Plaintiff is entitled to any relief on its Second Claim.

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

21.

Regarding paragraphs 50 through 52, consistently with Defendant's prior responses, Defendant admits she took out EIDL loans for her businesses. Exhibits 2 and 5 speak for themselves.

22.

Regarding paragraph 53, Defendant lacks knowledge or information sufficient to form a belief as to the allegations regarding SBA's intentions and therefore denies those allegations. Exhibits 2 and 5 speak for themselves.

23.

Except as expressly admitted above, Defendant denies each and every remaining allegation in the FAC, including paragraphs 60 to 62 captioned as Plaintiff's prayer for relief, and denies that Plaintiff is entitled to any relief.

**AFFIRMATIVE DEFENSES**
**(Failure to State a Claim)**

24.

Plaintiff has failed to state a claim on which relief may be granted.

**FIRST COUNTER-CLAIM**
**(Declaratory & Equitable Relief; 11 U.S.C. § 105 and 28 U.S.C. §2201)**

25.

Defendant received her discharge on May 28, 2025 (ECF 28, BK Case No. 24-33517-thp7). Thereafter, Plaintiff sent Defendant a letter regarding alleged misuse of loan proceeds and imposition of penalties. The June 27th letter indicated the SBA was evaluating Defendant's conduct based on testimony at creditors' meetings held on November 24, 2024 (in the SubFecta LLC bankruptcy case, BK Case No. 24-32687) and February 5, 2025 (in Defendant's main bankruptcy case, BK Case No. 24-33517). **Exhibit 6 to FAC, p. 2.**

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

26.

The letter included bolded language that it was "for informational purposes only" and was not an attempt to collect a debt. However, the very next paragraph stated that Defendant had 30 days from the date of the letter "to submit to SBA evidence that you have not misapplied the disaster loan proceeds or that you have corrected any such misapplication." Further, the letter stated that any "failure to respond in time will be considered an admission that you misapplied the disaster loan proceeds." **Exhibit 6 to FAC, p. 2**.

27.

Pursuant to order extending time, Plaintiff filed its complaint in this case, alleging claims under 11 U.S.C. § 523(a), on July 7, 2025. Defendant's main bankruptcy case was closed on July 9, 2025 (ECF 36, BK Case No. 24-33517-thp7).

28.

Through counsel, the parties conferred on this matter. Plaintiff ultimately filed its FAC on August 21, 2025 and agreed to extend Plaintiff's response deadline to September 15, 2025.

29.

On August 29, 2025, the SBA sent a letter indicating that Defendant failed to timely respond and the SBA was thus making a final determination of "misapplication" of EIDL loan proceeds. The letter provided, in bold print, that Defendant and SubFecta LLC are "jointly and severally liable to SBA for one and one-half times" the EIDL loan proceeds disbursed in the total amount of $750,000. A copy of the August 29th letter is attached hereto as **Exhibit A**.

30.

In the next paragraph, the letter indicated the SBA recognized Defendant was the debtor in a pending bankruptcy case and the letter was "for informational purposes only." It further stated it was not an attempt to collect a debt or any portion of the debt. *See* **Exhibit A, p. 2**.

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

31.

Defendant's counsel immediately replied that the SBA's acts were improper and requested the SBA withdraw its determination. The parties subsequently conferred, through counsel, by e-mail and telephone over the course of two weeks.

32.

Defendant contends that the SBA's determination and imposition of penalties violates the discharge injunction under section 524. Unless and until this Court enters an order excepting the SBA's debt from discharge, the SBA is precluded from taking adverse action against Defendant. The basis for the SBA's assessment of penalties rests on the same facts alleged in the FAC, to which Defendant has not yet had the opportunity to respond. Defendant is not required to respond to allegations or provide information to Plaintiff until she files her responsive pleading and until a scheduling order is entered permitting discovery.

33.

Plaintiff contends that penalties are different than the underlying debt arising from the EIDL loan and are automatically excepted from discharge pursuant to 11 U.S.C. § 523(a)(7). The SBA does not believe it has acted improperly in making a final determination and has not agreed to withdraw its determination.

34.

Defendant has no adequate remedy at law.

35.

Pursuant to 28 U.S.C § 2201 and 11 U.S.C. § 105, Defendant seeks declaratory and injunctive relief. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). This Court has jurisdiction pursuant to 28 U.S.C. § 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409.

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

36.

Defendant requests an order declaring that the SBA's conduct was improper, ordering the SBA to withdraw the final determination, enjoining the SBA from taking further agency action regarding the EIDL loan debt until this case is finally resolved, and awarding such other relief or imposing such other restrictions as may be equitable under the circumstances.

WHEREFORE, Defendant requests this Court enter judgment dismissing all of Plaintiff's claims, awarding relief on her First Counterclaim as described in paragraph 36 above, and awarding Defendant her reasonable costs and attorney's fees incurred herein.

DATED this 15th day of September, 2025.

SCOTT LAW GROUP LLP

By: */s/ Natalie C. Scott*
Natalie C. Scott, OSB #024510
Of Attorneys for Defendant

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com



**U.S. SMALL BUSINESS ADMINISTRATION**
**Capital Access**
**COVID EIDL Servicing Center**
**14925 Kingsport Road**
**Fort Worth, Texas 76155**

August 29, 2025

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED AND ELECTRONIC MAIL TO:**

**SubFecta LLC**
32160 SW Armitage Ct. N
Wilsonville, OR 97070
annrbell@gmail.com

**Ann Robin Davis-Bell**
**c/o Natalie C. Scott**
Scott Law Group LLP
PO Box 70422
Springfield, OR 97401
nscott@scott-law-group.com

**Ann Robin Davis-Bell**
**c/o Michael D. O'Brien**
Michael D O'Brien & Associates, P.C.
7609 SW Beveland Rd.
Portland, OR 97223
**Email:** mike@orbankruptcy.com

**Ann Robin Davis-Bell**
5424 Washington Ct
Lake Oswego, OR 97035
annrbell@gmail.com

Re: **SBA Economic Injury Disaster Loan No. 4582617803 – Determination of Misapplication of Proceeds; U.S. Bankruptcy Court, District of Oregon, Case No. 24-32687**

Dear SubFecta LLC and Ann Robin Davis-Bell,

By correspondence dated June 27, 2025, SBA sent to SubFecta LLC ("Borrower") and Ann Robin Davis-Bell (sometimes referred to as "Davis-Bell" or "Co-Guarantor" or "Debtor") a Notice of Possible Misapplication of Loan Proceeds (the "Misapplication Notice") of the above-referenced SBA Economic Injury Disaster Loan ("EIDL" or "disaster loan"), authorized under Section 7(b) of the Small Business Act. In the Misapplication Notice, SBA noted that it was presented evidence in the bankruptcy case

pending in the U.S. Bankruptcy Court, District of Oregon, Case No. 24-32687, indicating that Borrower and Co-Guarantor/Debtor Davis-Bell caused some or all of the EIDL proceeds of Borrower to be used for a purpose contrary to the Loan Authorization and Agreement and not used as working capital by Borrower. Specifically, in Debtor's testimony during the 341a Meetings of Creditors held on November 26, 2024 (US Bankruptcy Court for the District of Oregon Case No. 24-32687) and on February 5, 2025 (US Bankruptcy Court for the District of Oregon Case No. 24-33517), Davis-Bell testified she caused loan funds intended to be used as working capital for SubFecta LLC to be diverted to a different company, CapTen Enterprises, Inc., and may have been used to fund the start-ups of three separate Subway locations.

Misapplication of loan proceeds is a violation of Federal Regulations and the terms of Borrower's disaster loan. Whomever wrongfully misapplies the proceeds of a disaster loan authorized under Section 7(b) will be liable to SBA for one and one-half times the proceeds disbursed to the borrower as of the date SBA learns of its wrongful misapplication. Wrongful misapplication means the willful use of any disaster loan proceeds without SBA approval contrary to the Loan Authorization. If a borrower fails to use disaster loan proceeds for authorized purposes for 60 days or more after receiving a loan disbursement check, such non-use also is considered a wrongful misapplication of the proceeds. 13 C.F.R. § 123.9(a); 15 U.S.C. § 636(b).

By the Misapplication Notice, SBA provided to the Borrower and Co-Guarantor Davis-Bell thirty (30) days to submit to SBA evidence that Borrower and/or Davis-Bell had not misapplied the disaster loan proceeds or that any such misapplication was corrected. By email dated June 30, 2025, Michael D. O'Brien, counsel for Debtor at the time, confirmed receipt of the Misapplication Notice. Neither Borrower, Davis-Bell, nor Debtor's counsel responded further to SBA's request for evidence, nor was additional time to respond to SBA requested by anyone. Failure to respond in time is considered an admission that Borrower misapplied the disaster loan proceeds. 13 C.F.R. § 123.9(b).

**As a result, based on the totality of the record, SBA finds that a misapplication of loan proceeds has occurred and has not been cured. Therefore, SBA finds Borrower SubFecta LLC and Co-Guarantor Ann Robin Davis-Bell jointly and severally liable to SBA for one and one-half times the disaster loan proceeds disbursed, in the total amount of $750,000.00 (calculated as $500,000.00 principal disbursed X 1.5 = $750,000.00).**

**SBA recognizes that Co-Guarantor Davis-Bell is the debtor in a pending bankruptcy case and, accordingly, this letter is for informational purposes only. This letter is not intended as an attempt to collect a debt or as an act to collect or recover all or any portion of the debt from Co-Guarantor or the bankruptcy estate, except by proof of claim or other action taken in the bankruptcy proceedings.**

If you have any questions about this action, please contact me, Michael F. Burchfiel, Supervisory Attorney Advisor, with a cc: to Patyl A. Oflazian, both of us at the SBA, COVID EIDL Servicing Center, 14925 Kingsport Rd., Fort Worth, Texas 76155, or via email to Michael.Burchfiel@sba.gov, with a cc: to Patyl.oflazian@gmail.com .

Sincerely,

MICHAEL BURCHFIEL

Digitally signed by MICHAEL BURCHFIEL
Date: 2025.08.29 13:03:04 -05'00'

Michael F. Burchfiel
Supervisory Attorney Advisor

cc: Matthew Koos, SBA Office of General Counsel via email to Matthew.Koos@sba.gov
Wesley Nell, Office of General Counsel via email to wesley.nell@sba.gov
John Hubbard, SBA CESC, via email to John.Hubbard@sba.gov

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON SEPTEMBER 15, 2025, THE FOREGOING **DEFENDANT'S ANSWER & AFFIRMATIVE DEFENES TO PLAINTIFF'S FIRST AMENDED COMPLAINT & COUNTERCLAIM** WAS SERVED ON THE FOLLOWING:

☒ **Via First Class Mail to:**

The Attorney General of the United States
Department of Justice
10th & Constitution NW
Washington, DC 20530

U.S. Attorney for the District of Oregon
1000 SW 3rd Ave #600
Portland, OR 97204

☒ **Via ECF Notification to:**

MICHAEL ALEXANDER DELORENZO-LAWLEY
m.alex.delorenzo-lawley@usdoj.gov,
ilana.quesnell@usdoj.gov

NATALIE C SCOTT ecf@scott-law-group.com

DATED: September 15, 2025

*/s/ Natalie C. Scott*
Natalie C. Scott, OSB# 024510

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

